UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENISA M., <br><br>                    Plaintiff, <br><br>        v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>                    Defendant. | Case No. C21-0376-SKV <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

BACKGROUND

Plaintiff was born in 1962, has a high school diploma, and previously worked as an orthodontic technician and receptionist. AR 43, 49, 961. Plaintiff was last gainfully employed in 2005. AR 135.

In March 2016, Plaintiff applied for benefits, alleging disability as of September 7, 1993, and her date last insured ("DLI") is September 30, 1996. AR 120-28, 911. Plaintiff's

application was denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 81-83, 85-88. After the ALJ conducted a hearing in November 2017 (AR 34-56), the ALJ issued a decision finding Plaintiff not disabled.  AR 12-21.

The Appeals Council denied Plaintiff's request for review (AR 1-8), but the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings.  AR 1016-28.  The ALJ held another hearing in October 2020 (AR 931-68), and subsequently issued another decision finding Plaintiff not disabled.  AR 909-25.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff did not engage in substantial gainful activity during the adjudicated period, running from September 7, 1993, through the DLI of September 30, 1996.

**Step two**:  Through the DLI, Plaintiff had the following severe impairments: fibromyalgia, chronic fatigue syndrome, and mild degenerative disc disease.

**Step three**:  Through the DLI, these impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**:  Through the DLI, Plaintiff could perform light work with additional impairments: she could occasionally climb ramps, stairs, ladders, ropes, or scaffolds.  She could occasionally balance, stoop, or kneel.  She could occasionally crouch and crawl.

**Step four**:  Through the DLI, Plaintiff could perform past relevant work as an orthodontic technician and receptionist.

**Step five**:  In the alternative, there were also other jobs that exist in significant numbers in the national economy that Plaintiff could have performed before her DLI.  Plaintiff was therefore not disabled during the adjudicated period.

AR 909-25.

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 1.

**LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id*.

**DISCUSSION**

Plaintiff argues the ALJ erred at step two, in discounting her pain allegations, and in discounting medical opinions and lay evidence.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Did Not Harmfully Err at Step Two

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities and are therefore severe. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c).

Plaintiff argues that the ALJ erred in finding various physical and mental medically determinable impairments to be not severe. Dkt. 15 at 9-10. Plaintiff does not acknowledge that the ALJ indicated that although some of Plaintiff's physical and mental impairments were not severe, he "nonetheless considered all of the claimant's allegations and impairments in his assessment of the claimant's [RFC]." AR 912. This finding, which has not been challenged by Plaintiff, renders harmless any potential step-two error. *See Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017). Furthermore, to the extent that Plaintiff argues that the ALJ's RFC assessment does not account for all of her allegations and impairments, the Court finds no harmful error in the ALJ's assessment of Plaintiff's allegations or the medical opinions, as explained *infra*.

### B. The ALJ Did Not Err in Discounting Plaintiff's Pain Allegations

The ALJ summarized Plaintiff's subjective allegations and explained that he discounted them because: (1) the many normal and unremarkable objective medical findings do not corroborate the extent of the limitations she alleged; (2) Plaintiff's claim that she was largely bedridden during the adjudicated period is inconsistent with the examination findings showing normal muscle strength and tone with no atrophy in her lower extremities; and (3) although Plaintiff claimed that her symptoms were disabling since September 1993, "the record contains no significant treatment records prior to May 1995." AR 915-19. Absent evidence of

malingering, an ALJ must provide clear and convincing reasons to discount a claimant's subjective testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The ALJ summarized various normal or unremarkable functional findings as to *inter alia* muscle strength/tone, reflexes, and sensation, and reports of only mild or decreased tenderness and pain, and concluded that these findings fail to support the disabling physical limitations Plaintiff alleged. AR 917. Plaintiff argues that the lack of objective corroboration cited by the ALJ cannot solely support the ALJ's assessment of her testimony. Dkt. 15 at 2. That may be true, but as listed in the previous paragraph the ALJ provided other reasons as well and Plaintiff has not shown that the ALJ erred in considering the objective evidence, even if this reason alone could not *solely* support his conclusion. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Plaintiff has also failed to establish error in the ALJ's other reasons. The ALJ found an inconsistency between Plaintiff's claim to have been largely bedridden during the adjudicated period and the findings of normal muscle tone and strength, with no evidence of atrophy. The ALJ reasonably found that the normal findings suggested that she was not as inactive as she had claimed to be, and the ALJ did not err in discounting Plaintiff's allegations on this basis. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

Furthermore, Plaintiff does not dispute that the medical records are particularly sparse for approximately two-thirds of the adjudicated period and generally minimal for the period as a

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

whole as well (AR 210-18, 693-94, 695-97, 708-20), and has not shown that the ALJ was unreasonable in finding that the minimal treatment undermined Plaintiff's allegation of disabling limitations during that period of time. *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting subjective pain complaints where petitioner's "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received"). Although Plaintiff speculates that her treatment records from the adjudicated period may be unavailable due to technological issues rather than non-existent (Dkt. 18 at 2), this speculation is not evidence and does not establish that the ALJ erred in considering the relatively few records available to him from the adjudicated period.

Plaintiff has not shown that the ALJ erred in considering her allegations in the context of the treatment record, or in finding that the record failed to corroborate and/or was inconsistent with Plaintiff's allegations to some degree. Accordingly, the Court affirms this portion of the ALJ's decision.

### C. The ALJ Did Not Err in Discounting Lay Evidence

Plaintiff's husband submitted statements describing Plaintiff's symptoms and limitations in April 2016, October 2017, and October 2020. AR 147-54, 194-95, 1134-35. The ALJ summarized these statements and assigned them little weight because they were not corroborated by the objective evidence and because although he described Plaintiff as largely bedridden, such an assertion is inconsistent with the findings of Plaintiff's normal muscle strength and tone and no atrophy in the lower extremities. AR 922-23. An ALJ's reasons to discount a lay statement must be germane. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

In discounting Plaintiff's husband's statements, the ALJ relied on two of the three reasons he cited for discounting Plaintiff's allegations. *See* AR 915-19, 22-23. As explained *supra*, the ALJ's reasons were legally sufficient as to Plaintiff's allegations, and are therefore legally sufficient as to Plaintiff's husband's similar statements. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony").

**D.     The ALJ Did Not Err in Discounting Medical Opinions**

Plaintiff challenges the ALJ's assessment of several medical opinions, each of which the Court will address in turn.

*1.     Legal Standards*[3]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Less weight may be assigned to the opinions of other non-acceptable medical sources. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). The ALJ may discount this other source evidence by providing reasons germane to each source. *Molina*, 674 F.3d at 1111 (citing *Turner*

---

[3] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

*v. Comm'r of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).

      2.  Sara Rahman, M.D.

Dr. Rahman completed form opinions describing Plaintiff's symptoms and limitations in September 2020, after she had been treating her for five years. AR 1157-65. Dr. Rahman indicated that she had reviewed records back to 1995 regarding Plaintiff's fibromyalgia and records back to 2006 regarding Plaintiff's interstitial cystitis, in rendering her opinions. AR 1151.

The ALJ noted that Dr. Rahman is currently a treating physician, but that she did not begin treating Plaintiff until many years after the DLI, and that her opinions are inconsistent with and/or not corroborated by the records relevant to the adjudicated period. AR 919-20. Plaintiff argues that the ALJ erred in contrasting Dr. Rahman's opinion with the treatment notes because Dr. Rahman reviewed those notes and reached a different conclusion, apparently analogizing an ALJ's interpretation of the record to an examining physician's review of the record. Dkt. 15 at 16. But an ALJ is not a physician, examining or otherwise, and the Ninth Circuit has found no error in an ALJ's discounting of a medical opinion based on inconsistency with the record. *See, e.g., Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions). The ALJ did not interpret "raw medical data" as Plaintiff suggests (Dkt. 15 at 16), but instead pointed to many functional findings relevant to Plaintiff's condition during the adjudicated period and reasonably found that they were inconsistent with and/or failed to corroborate the limitations Dr. Rahman identified. *See* AR 916-17, 920. Plaintiff has not shown that the ALJ's assessment of Dr. Rahman's opinions was unreasonable or otherwise erroneous.

Plaintiff also argues that the ALJ erred in finding Dr. Rahman's opinion as to her interstitial cystitis to be inconsistent with Plaintiff's descriptions of her bladder spasms. Dkt. 15 at 16. Plaintiff points to evidence that does not necessarily establish the existence of interstitial cystitis: she notes that in 1995 she was diagnosed with an early urinary tract infection (AR 535) and that in 2006 she reported chronic bladder spasms (AR 656-57), but neither of these treatment notes undermine the ALJ's finding that interstitial cystitis was not medically established prior to the 1996 DLI (AR 912). Plaintiff has not shown that the ALJ erred in finding Dr. Rahman's opinion as to interstitial cystitis to be inconsistent with the records relevant to the adjudicated period, or in discounting the opinion on that basis.

### 3.   T.W. Martin, M.D., & Richard West, M.D.

Drs. Martin and West treated Plaintiff during the adjudicated period and their treatment notes from February 1995 describe Plaintiff's back and leg pain as "disabling to some degree" (AR 708) and indicate that Plaintiff is "disabled" and "still unable to work for a day" (AR 716). The ALJ found that these treatment notes did not describe any particular functional limitations and that to the extent that they describe Plaintiff as disabled or unable to work, they infringe on an issue reserved to the Commissioner. AR 920-21. The ALJ also found that to the extent these treatment notes can be construed as suggesting disabling limitations, they are inconsistent with the many normal or unremarkable findings in the record that suggest Plaintiff retained more functionality during the adjudicated period than described. AR 921.

Plaintiff has not shown that the ALJ erred in characterizing these treatment notes as infringing upon an issue reserved to the Commissioner, and therefore not a medical opinion to the extent that the notes describe disability or inability to work. *See* 20 C.F.R. § 404.1527(d)(1). To the extent that the treatment notes also reference Plaintiff's report of pain with certain

activities, as Plaintiff emphasizes (Dkt. 15 at 17), the ALJ pointed to normal functional findings that reasonably suggest that Plaintiff retained more functional capacity than described. Although Plaintiff correctly notes that those functional findings may not show that Plaintiff does not have fibromyalgia or "inflammatory process", the ALJ did not cite them for that purpose: the ALJ acknowledged that Plaintiff has fibromyalgia, but cited evidence reasonably suggesting that her fibromyalgia was not as limiting during the adjudicated period as alleged. Because the ALJ's assessment of the treatment notes of Drs. Martin and West is reasonable and supported by substantial evidence, Plaintiff has not shown that the ALJ erred in discounting those opinions.

    4.    *Ann Larson Spink, PT*

Ms. Spink performed an initial physical therapy evaluation in October 1995 and documented certain test results, recommending a four-week course of physical therapy three times weekly. AR 696. The ALJ found that this evaluation report did not identify any specific functional limitations and was inconsistent with the many normal and unremarkable functional findings in the record, and he therefore afforded it little weight. AR 922.

Plaintiff argues that, contrary to the ALJ's decision, Ms. Spink's report describes functional limitations as to bending and sitting, and also describes decreased mobility. Dkt. 15 at 14. But Ms. Spink merely recorded Plaintiff's report of limited bending and squatting ability, and Ms. Spink did not indicate how "decreased mobility to the left sacroiliac joint" would functionally impact Plaintiff. *See* AR 696. Plaintiff has therefore not shown that the ALJ erred in finding that Ms. Spink's physical therapy evaluation was less probative as to his determination of Plaintiff's RFC. *See, e.g., Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("Here, the ALJ found that Dr. Zipperman's descriptions of Ford's ability to perform in the workplace as 'limited' or 'fair' were not useful because they failed to specify Ford's functional limits.

Therefore, the ALJ could reasonably conclude these characterizations were inadequate for determining RFC.").

     5.    *Richard Swetman, D.C.*

Dr. Swetman, Plaintiff's treating chiropractor, documented examination findings in April 1995, mentioning Plaintiff's pain, numbness with squatting, and emotional frustration. AR 693-94. The ALJ gave little weight to this opinion, finding that it does not describe any particular functional limitations and to the extent that it could suggest disabling limitations, it is inconsistent with the many normal and unremarkable functional findings in the record. AR 921.

Plaintiff argues that the ALJ's assessment is not sufficiently specific (Dkt. 15 at 14), but has failed to address the ALJ's specific reasons to discount Dr. Swetman's evaluation. Dr. Swetman's evaluation indeed fails to identify any particular functional limitations, and therefore the ALJ did not err in discounting it as less probative to his determination of Plaintiff's RFC. *See Ford*, 950 F.3d at 1156.

For all of these reasons, the Court finds that Plaintiff has failed to establish harmful legal error in the ALJ's assessment of the medical opinion evidence.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 13th day of October, 2021.

S. KATE VAUGHAN
United States Magistrate Judge